**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.M., H.M., S.M., K.M., and G.M.**

**No. 24-313** (Clay County CC-08-2023-JA-1, CC-08-2023-JA-2, CC-08-2023-JA-3, CC-08-2023-JA-4, and CC-08-2023-JA-5)

**MEMORANDUM DECISION**

Petitioner Father C.M.[1] appeals the Circuit Court of Clay County's April 16, 2024, order terminating his parental rights to M.M., H.M., S.M., K.M., and G.M., arguing that the circuit court erred by finding that the children were abused and that there was no reasonable likelihood that the conditions of abuse could be substantially corrected in the near future.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2023, the DHS filed an abuse and neglect petition alleging that the petitioner sexually abused K.M. The DHS alleged that the petitioner touched K.M. inappropriately in a vehicle and at a hotel while the two were on a trip to Florida sometime between 2018 and 2020. According to the record, K.M. disclosed to a Child Advocacy Center ("CAC") forensic interviewer that the petitioner "rubb[ed] her butt and . . . rubbed her vagina." The DHS further alleged that all five of the petitioner's children lived with the petitioner when the abuse occurred.

The adjudicatory hearing was held in November 2023. The court heard from the case worker who drafted the petition, who testified that, during an interview, the petitioner stated that he had gone on a trip to Florida with K.M. and that they slept for several hours in the truck on the drive back but denied all other allegations. The case worker then testified that any reference to a

---

[1] The petitioner appears by counsel Clinton W. Smith. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Julia R. Callaghan appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For the purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

hotel in the petition must have come from his conversations with the prior worker on the case. The court next heard from a CAC forensic interviewer, who testified as to her examination of K.M. During the interviewer's testimony, a recording of K.M.'s interview was played and admitted into evidence without any objection. The child was thirteen years old at the time the interview was conducted. The interviewer observed no signs that K.M. was coerced or directed to make the allegations and stated that K.M. exhibited characteristics consistent with a child who had been sexually abused. The petitioner then testified, denying any sexual abuse and asserting that the allegations were the mother's attempt to retaliate against him. He further stated that K.M. made the allegations because the petitioner would not let her spend the night with her boyfriend. The mother then testified about the petitioner's interactions with the children prior to their separation, including that the petitioner showed notably more attention to K.M. than the other children. The court ultimately found that the petitioner had the opportunity to engage in the alleged conduct and that his testimony was inconsistent, while K.M.'s statements were credible. As a result, the court adjudicated the petitioner of sexually abusing K.M. and as an abusing parent in regard to all of the children.

The court held a dispositional hearing in December 2023. At this hearing, the petitioner continued to deny that he sexually abused K.M. and instead only agreed that K.M. believed that she was abused. Based on the petitioner's refusal to acknowledge the sexual abuse, the court found that there was no reasonable likelihood that the conditions of abuse could be corrected in the near future and that termination was in the children's best interest. Accordingly, the court then terminated the petitioner's parental rights to the children.[3] It is from this dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner first argues that the circuit court erred in finding that the children were abused, because the record did not support such a finding by clear and convincing evidence. West Virginia Code § 49-4-601(i) requires the DHS to prove the allegations set forth in its petition by clear and convincing evidence. *See* Syl. Pt. 1, in part, *In re S.C.*, 168 W. Va. 366, 284 S.E.2d 867 (1981). "Clear and convincing evidence means that more than a mere scintilla of evidence has been presented to establish the veracity of the allegations of abuse and/or neglect, but it does not impose as exacting an evidentiary burden as criminal proceedings which generally require proof beyond a reasonable doubt." *In re A.M.*, 243 W. Va. 593, 598, 849 S.E.2d 371, 376 (2020). Further, an adjudication of sexual abuse in an abuse and neglect proceeding may be supported by the victim's uncorroborated statements. *See In re K.P.*, 235 W. Va. 221, 230, 772 S.E.2d 914, 923 (2015) (citing Syl. Pt. 5, *State v. Beck*, 167 W. Va. 830, 286 S.E.2d 234 (1981)) (affirming a finding of sexual abuse based on a child's statements in recorded interviews).

Here, the evidence in the record supports the circuit court's finding that the petitioner sexually abused K.M. *See* W. Va. Code § 49-1-201 (defining "Sexual abuse," in part, as "sexual contact" as defined in West Virginia Code § 61-8b-1); *see also* W. Va. Code § 61-8b-1(5) (defining

---

[3] The permanency plan for the children is to remain in the custody of their nonabusing mother.

"Sexual contact" as "any intentional touching, either directly or through clothing, of the breasts, buttocks, anus, or any part of the sex organs of another person, or intentional touching of any part of another person's body by the actor's sex organs and the touching is done for the purpose of gratifying the sexual desire of either party"). This evidence includes the recording of K.M.'s CAC interview,[4] the testimony of the forensic interviewer indicating that K.M.'s behavior was consistent with that of a child who was sexually abused, and the petitioner's testimony regarding the trip to Florida. Further, the circuit court found K.M.'s statements to be credible and the petitioner's testimony to be inconsistent. We refuse to disturb these determinations. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Based on the foregoing, the circuit court did not err in finding that the children were abused.[5]

Finally, the petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that the conditions of abuse could be substantially corrected in the near future. In support of his argument, the petitioner asserts that pursuant to West Virginia Code § 49-4-604(d)(2), the circuit court was required to find that he was "unwilling to cooperate in the development of a reasonable family case plan" or willfully refused to do so. However, the petitioner ignores the clear language that the circumstances set forth in West Virginia Code § 49-4-604(d)(1) to (6), which describe situations in which there is no reasonable likelihood the conditions of neglect or abuse can be corrected, "are not exclusive." The petitioner further ignores that the circuit court's findings were premised on his failure to acknowledge that any abuse took place. To that end, we have stated that "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). The

---

[4] The petitioner failed to include a copy of K.M.'s recorded CAC interview in the appendix record before this Court. However, the appendix contains a report prepared by the CAC forensic interviewer, which reflects that K.M. told the interviewer that the petitioner touched her buttocks and genitals.

[5] In his reply brief, the petitioner argues, for the first time, that the circuit court erred in finding that M.M., H.M., S.M., and G.M. were abused children based on his adjudication for sexually abusing K.M. In support of this argument, the petitioner claims that the petition contained no allegations that he abused his other four daughters. However, as the petitioner acknowledges, the petition alleged, and the circuit court found, the other four daughters were abused because they lived in the same household when the sexual abuse took place. This Court has long held that

> [w]here there is clear and convincing evidence that a child has suffered . . . sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not the direct victim . . . but is at risk of being abused is an abused child under [W. Va. Code § 49-1-201].

Syl. Pt. 2, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). As such, the petitioner's argument on this basis is without merit.

petitioner's continual failure to acknowledge that he abused K.M., despite his adjudication, supports the court's finding that there is no reasonable likelihood that the conditions of abuse could be substantially corrected. *See* W. Va. Code § 49-4-604(d) ("'No reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."). As such, the circuit court did not err in this finding.[6]

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 16, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: May 6, 2025

---

[6] The petitioner raises an additional assignment of error in which he alleges that the circuit court erred in denying his repeated requests for discovery from the DHS. We note, however, that the record demonstrates that the circuit court *granted* no fewer than four of the petitioner's motions to continue based on alleged discovery deficiencies and repeatedly ordered the DHS to provide discovery. Further, it is critical to note that the DHS complied with all of these orders, and the record shows that the DHS otherwise complied with Rule 10 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings governing production of discovery. Despite the court's repeated granting of these motions and the DHS's continued disclosure of all required materials, the petitioner nonetheless claims that the DHS must have withheld "the statement of the alleged abused child [K.M.] which apparently differed significantly from what she told the evaluator." The petitioner appears to base his belief that some additional statement exists on the petition's reference to a hotel room. However, the DHS not only repeatedly stressed that no additional statement existed, but the DHS worker who testified at the adjudicatory hearing explained that the reference to a hotel was inferred based on the recollection of another worker. In short, the petitioner's belief that an additional document existed and was never produced cannot establish a failure to comply with Rule 10. Therefore, the petitioner is entitled to no relief.

The petitioner also argues that this error was compounded by his inability to cross-examine K.M. regarding her statements. However, the petitioner fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure in that his brief does not "includ[e] citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Rather, as he acknowledges, the record shows that the petitioner did not move under Rule 8 of the Rules of Procedure for Child Abuse and Neglect Proceedings for K.M.'s testimony to be taken. As such, the petitioner has waived this issue. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999))).

4

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV